■ In the Matter of GARY D. BARTON, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [848 NYS2d 904]—

Per Curiam. Respondent was admitted to practice in New Jersey in 1974, where he maintained an office for the practice of law. He was admitted to practice by this Court in 1985.

By order dated October 2, 2007, the New Jersey Supreme Court reprimanded respondent for gross neglect, lack of diligence, failure to keep clients reasonably informed about the status of a matter, and conflict of interest. The order further directed respondent to provide proof to the New Jersey Office of Attorney Ethics of his fitness to practice law. By letter dated November 14, 2007, the New Jersey Office of Attorney Ethics verified respondent's compliance therewith. Additionally, respondent was assessed costs in the amount of $2,015.

Petitioner now moves for an order imposing reciprocal discipline upon respondent pursuant to this Court's rules (*see* 22 NYCRR 806.19). Respondent has submitted an affirmation in opposition which does not establish any of the available defenses to reciprocal discipline (*see* 22 NYCRR 806.19 [d]), and we therefore grant petitioner's motion.

We further conclude that, consistent with the discipline imposed in New Jersey and in the interest of justice, respondent should be censured.

Mercure, J.P., Carpinello, Rose, Lahtinen and Kane, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is censured.